

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 0 8 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| JESSE DOUGLASS and GENIA DOUGLASS, Plaintiffs, v. DELANOR, KEMPER & ASSOCIATES, Defendant. | ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:10-CV-3236 |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### I.

### INTRODUCTION

1. This is an action for actual and statutory damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and a concurrent state law claim for negligent hiring, retention and supervision.

### II.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and/or 28 U.S.C. § 1337. Supplemental jurisdiction for the state law claims exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District because the acts and transactions occurred here, and the Defendant resides and transacts business here.

## III.

## PARTIES

4. Plaintiff Jesse Douglass (hereinafter "Jesse Douglass") is a natural person residing in Jefferson County, Kentucky, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Genia Douglass (hereinafter "Genia Douglass") is a natural person residing in Jefferson County, Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Said Plaintiffs are married.

7. Defendant Delanor, Kemper and Associates, LLC. (hereinafter "Defendant"") is a third party debt collection agency with its principal place of business in Atlanta, Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect a debt allegedly owed to another.

9. The acts of the defendant alleged hereinafter were performed by employees of Defendant acting within the scope of their actual or apparent authority.

## IV.

## FACTUAL ALLEGATIONS

10. Jesse Douglas incurred a debt, hereinafter referred to as "the subject debt."

11. The subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family or household purposes.

12. That the subject debt was a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. Jesse Douglass defaulted on that debt.

14. Upon information and belief, Defendant was engaged by the creditor to attempt to collect the debt from Jesse Douglass.

15. At some point thereafter, and within the one year statute of limitation imposed by the FDCPA, employees of Defendant began calling the residence of Jesse Douglas and Genia Douglass attempting to collect the above-referenced debt.

16. During the course of conversations had with a "Mr. Clark" an employee of Defendant, Jesse and Genia Douglass were each told that if the alleged debt were not paid, then Mr. Douglass was going to be immediately arrested.

17. During the course of conversations had with a "Mr. Clark," an employee of Defendant, Jesse and Genia Douglass were each told that a lawsuit was about to be filed against them (imminently) if arrangements to pay the alleged debt were not made that day.

18. Mr. Clark, an employee of Defendant, refused to honor my clients' requests that he stop contacting them, going so far as to inform them that he would continue to call until they took care of the situation.

19. Mr. Clark, an employee of Defendant, told Jesse Douglass that he (Mr. Clark) was about to sign the order for his (Mr. Douglass') arrest himself if payment arrangements were not made, thus implying a crime had been committed.

20. Upon information and belief, and due to the repetitive and intentional manner in which contact was made with them, Jesse Douglass and Genia Douglass allege that the purpose of the communications with them was to annoy, harass and/or abuse them.

21. All telephone calls made to Jesse Douglass and Genia Douglass by Defendant's employees were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22. To date, and upon information and belief, Defendant has not filed, nor engaged counsel to file, any lawsuit against Jesse Douglass.

23. During the course of conversations with employees of Defendant, Jesse Douglass and Genia Douglass were insulted by said employees and felt threatened and intimidated by them.

## V.

## CAUSE OF ACTION I
## FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 – 23 above.

25. Plaintiffs allege that Defendant violated multiple provisions of the FDCPA, including, but not limited to: 15 U.S.C. § 1692d(5); 15 U.S.C. § 1692e(4)); 15 U.S.C. § 1692e(5); 15 U.S.C. § 1692e(7) and (10), by reason of its conduct, statements and representations described in this complaint.

26. As a result of Defendant's violations of the FDCPA, the Plaintiffs have suffered actual damages, emotional distress and are entitled to an award of statutory damages, costs and their attorney's fees.

## CAUSE OF ACTION II
## NEGLIGENT HIRING AND/OR RETENTION AND SUPERVISION

27. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 – 26 above.

28. Upon information and belief, and upon external information gathered during the investigation of this matter, Defendant's employee, Mr. Clark, has a history of breaking the law during attempts to collect debts on behalf of his employer(s).

29. Upon information and belief, Defendant's employee, Mr. Clark, has been the subject of other lawsuits alleging virtually identical or similar unlawful actions as the case at bar.

30. Upon information and belief, Defendant knew or should have known at the time it hired its employee, Mr. Clark, of Mr. Clark's propensity to engage in the conduct which caused Plaintiff's injury.

31. Upon information and belief, Defendant failed to reasonably and adequately supervise its employee, Mr. Clark, when Defendant knew, or should have known of his propensity to engage in the conduct which caused Plaintiff's injury.

32. Upon information and belief, Defendant failed to exercise ordinary care in the manner in which it hired and supervised its employee, Mr. Clark.

33. Upon information and belief, Defendant retained and continued to employ its employee, Mr. Clark, despite complaints, lawsuits, and the repetitive nature in which he harassed and abused Jesse Douglass and Genia Douglass.

34. The lack of exercise of ordinary care in the hiring, retention and supervision of its employee, Mr. Clark evinces that entire want of care which would raise the presumption of conscious indifference to consequences, thus entitling Plaintiffs to punitive damages

**WHEREFORE**, each Plaintiff respectfully requests that judgment be entered against the Defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Punitive or exemplary damages pursuant to O.C. G.A. § 51-12-5.1

d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

e) Such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED.**

October 8, 2010

_____
John C. Forbes, Jr.
GA Bar No. 267709
Law Offices of Mark A. Carey, P.C.
Attorneys for Plaintiffs
6 Concourse Parkway
Suite 1500
Atlanta, Georgia 30328
(678) 341-5550

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiffs Jesse Douglass and Genia Douglass affirm that the following statements are true and correct under penalties of perjury:

1. We are the Plaintiffs in this civil proceeding;

2. We have read the above-entitled civil Complaint prepared by our attorney and believe that all of the facts contained in it are true to the best of our knowledge, information, and belief formed after reasonable inquiry;

3. We believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law;

4. We believe this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s) cause unnecessary delay to any Defendant(s) or create a needless increase in the cost of litigation to any Defendant(s) named in the Complaint;

5. We have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: 22 September 22, 2010

_____
Jesse Douglass

_____
Genia Douglass

Subscribed and sworn to before me

This ____ day of September, 2010

_____
Notary Public, State at Large, KY
My commission expires Sept. 3, 2013

Notary Public